765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROOSEVELT TAYLOR, PLAINTIFF-APPELLANT,
v.
FLINT OSTEOPATHIC HOSPITAL, INC., W. DALE FERGUSON, LARRY
ALTON, D.O., FREDERICK W. VANDUYNE, M.D., DONALD
R. BLASS AND PROFESSIONAL REVIEW
ORGANIZATION--GLSC (PRS), ET
AL., DEFENDANTS-APPELLEES.
 NO. 84-1206
 United States Court of Appeals, Sixth Circuit.
 5/29/85
 
 On Appeal from the United States District Court for the Eastern District of Michigan
 Before: ENGEL and JONES, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Roosevelt Taylor appeals the summary judgment for the defendants entered by the United States District Court for the Eastern District of Michigan in this civil rights action.
 
 
 2
 Taylor, a black physician, brought this action in July, 1980, under various civil rights laws and the Social Security Act, 42 U.S.C. Secs. 1395 et seq., against two sets of defendants: (1) Flint Osteopathic Hospital (Hospital) and various officials at the Hospital, and (2) the Professional Standards Review Organization (PSRO) and various officials of the PSRO. Taylor also asserted state law claims for 'intentional injuries,' violation of a right to privacy, and defamation. Taylor alleges that the PSRO, through its officials, discriminated against him and his black patients on the basis of race in determining that many of the medical services he performed for his Medicaid and Medicare patients were medically unnecessary and were not to be reimbursed under Medicaid and Medicare. Taylor alleges that the Hospital, through its officials, discriminated against him and his patients on the basis of race in depriving him of various staff privileges, in ultimately suspending him from the Hospital and in depriving his patients of his services.
 
 
 3
 This case was originally assigned to Judge Newblatt who recused himself. It was then assigned to Judge Harvey, who was disqualified by a different district judge after Taylor filed a motion to disqualify, claiming bias and prejudice. The case was reassigned to Judge Boyle.
 
 
 4
 Both groups of defendants filed motions to dismiss or for summary judgment. In a published opinion dated April 15, 1983, Judge Boyle ruled on the PSRO's motion. Taylor v. Flint Osteopathic Hospital, 561 F. Supp. 1152 (E.D. Mich. 1983). She held (1) that there was no implied right of action under the Social Security Act; (2) that Taylor lacked standing to assert the claims of his patients; (3) that Taylor failed to state claims deriving from an alleged conspiracy between PSRO and the Hospital to deprive him and his patients of constitutional and statutory rights; (4) that Taylor failed to demonstrate that the PSRO acted under color of state law for purposes of a claim under section 1983; and (5) that Taylor's complaint appeared to state a claim under section 1981 against the PSRO. She also ruled that Taylor's section 1981 claims and state law claims were limited by the applicable statutes of limitation. In a footnote, Judge Boyle suggested that the PSRO might have a valid defense against the section 1981 claims if it could show that the treatment and services provided by Taylor were inappropriate by professional standards or that Taylor sought only unique or preferential treatment because of his race. 561 F. Supp. at 1160 n.6. She did not rule on the Hospital's motion. None of the parties appealed from Judge Boyle's judgment.
 
 
 5
 When Judge Boyle was appointed to the state bench, the case was reassigned to Judge Woods. Both sets of defendants again moved for summary judgment. Taking Judge Boyle's suggestion, the PSRO defendants argued that Taylor's section 1981 claims should be dismissed because he had offered no probative evidence of racially based disparate treatment by the PSRO defendants and that he was in fact seeking a racial preference. The Hospital defendants argued that their original motion for dismissal was virtually identical to the motion of the PSRO defendants upon which Judge Boyle had ruled and that, therefore, summary judgment should be entered in their behalf. After reviewing Judge Boyle's opinion and the material submitted by the plaintiff and the defendants, Judge Woods granted summary judgment for both sets of defendants on all of the civil rights claims and dismissed the state claims because they were pendent to the federal claims that had been dismissed.
 
 
 6
 Taylor now appeals, arguing that the trial court abused its discretion in declining to permit further discovery before entering summary judgment and that the pleadings, affidavits, and answers to interrogatories demonstrated that he had colorable civil rights claims against both sets of defendants.
 
 
 7
 On appeal, Dr. Taylor urges us to reverse only the most recent judgment of the district court and to remand for trial on the 1981 claims and any pendent state claims not time-barred. He does not contest the court's ruling on standing and its interpretation of the Social Security Act. The defendants argue that all that remains of this case is Dr. Taylor's unsubstantiated assertion that he was suspended from the hospital because of the existence of racial prejudice against him. They claim that in insisting upon longer periods of stay for his black patients, Dr. Taylor is asserting a right to preferential treatment rather than color-free treatment, contrary to this court's decision in Long v. Ford Motor Co., 496 F.2d 500 (6th Cir. 1974). While the defendants correctly maintain that the remaining issue is one of racial discrimination against Dr. Taylor and not against his black patients, we are unable to conclude that the disputed justifications for the defendants' actions show as a matter of law that their treatment of Dr. Taylor was not motivated by racial bias.
 
 
 8
 The court being of the opinion that there are one or more issues of fact yet to be resolved, the judgment of the district court is VACATED and the cause REMANDED for trial on the merits of the section 1981 claims and any surviving pendent claims.